**Todd LANGER and Pamela Jo Langer**

v.

**Kenneth DALEY, individually and d/b/a Green Acres.**

**Civ. No. 4–90–66.**

United States District Court,
D. Minnesota,
Fourth Division.

April 12, 1990.

Roger T. Sahr, Minneapolis, Minn., for plaintiffs.

Thomas Dougherty, Minneapolis, Minn., for defendant.

## ORDER

ROSENBAUM, District Judge.

On January 31, 1990, Todd and Pamela Langer filed a complaint in this Court, claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] Plaintiffs seek damages for physical injuries sustained by Todd Langer when defendant's equipment allegedly struck him. In addition, plaintiffs seek compensation for loss of consortium, loss of income and earning capacity, medical care expenses, and pain and suffering.

■ The complaint baldly alleges that plaintiffs' damages exceed $50,000; no specific facts are pleaded in support of this allegation. This Court, *sua sponte*, inquires as to whether it has subject matter jurisdiction. The Court must determine independently, in every case, whether federal jurisdiction exists. *Insurance Corp. v. Campagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982). *See also* Rule 12(h)(3), Federal Rules of Civil Procedure.

■ The amount claimed by the plaintiff ordinarily controls the amount in controversy question. *St. Paul Mercury Idem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Nevertheless, a plaintiff's allegations do not completely conclude the issue. "The trial court is not bound by the pleadings of the parties, but may, of its own motion, if led to believe that its jurisdiction is not properly invoked, 'inquire into the facts as they really exist.'" *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 184, 56 S.Ct. 780, 782–83, 80 L.Ed. 1135 (1936) (*quoting Wetmore v. Rymer*, 169 U.S. 115, 120, 18 S.Ct. 293, 295, 42 L.Ed. 682 (1898)). *See also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277–78, 57 S.Ct. 197, 200–01, 81 L.Ed. 183 (1936); *Zunamon v. Brown*, 418 F.2d 883, 885–86 (8th Cir.1969).

■ The validity of the jurisdictional amount is governed by the "legal certainty test." *St. Paul Mercury Indem. Co.*, 303 U.S. at 288–89, 58 S.Ct. at 590 (sum claimed by plaintiff controls unless it appears to a legal certainty that the amount cannot be recovered).

"If [the plaintiff's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence."

*Zunamon*, 418 F.2d at 886 (*quoting McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)).

The procedure to be followed by the trial court in conducting a pre-trial jurisdictional inquiry is left to the trial court's discretion. *Id.* Accordingly, in the exercise of this Court's discretion, affidavits will be received and weighed by the Court to determine whether this Court has subject matter jurisdiction.

For the reasons set forth above, IT IS ORDERED that:

1. Plaintiffs shall supply this Court with affidavits supporting their assertion that the amount in controversy exceeds $50,000.

2. Plaintiffs shall submit such documents within ten days of the date of this order.

---

1. The Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702 (Nov. 19, 1988), amended 28 U.S.C. § 1332(a) to increase the amount in controversy required for federal diversity of citizenship cases from $10,000 to $50,000. The amendment became effective May 18, 1989. From this change, the Court discerns Congress' intent to limit diversity jurisdiction.