Lumber Insurance v. Allen          CV-91-715-B    04/02/93 P

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

Lumber Insurance Companies, Inc.

    v.                                      Civil No. 91-715-B

Gerald Allen, Kathleen Allen,
Kenneth Moore, Jane Moore


**O R D E R**


    Lumber Insurance Company, ("Lumber"), has filed a declaratory judgment action in this court to determine whether it has a duty to defend and indemnify Gerald and Kathleen Allen, ("Allens"), in the underlying tort suit brought against them by Kenneth and Jane Moore, ("Moores").  Presently before me are three preliminary motions which will establish the identity of the parties in this action:  (1) The Moores' Motion to Reconsider my Order of February 12, 1993; (2) Lumber's Motion to Amend Complaint to Allege Diversity Jurisdiction;  and (3) The Moores' Motion to Intervene Pursuant to Rule 24.

    The relevant facts are described in my order of February 12, 1993.

**PENDING MOTIONS**

I.   Moores' Motion to Reconsider

The Moores move for reconsideration of my order of February 12, 1993 which denied the existence of supplemental jurisdiction in this case and which dismissed the Moores as non-indispensable parties.  The Moores assert that the Allens have not shown a willingness to defend the Moores' interests in this suit, and that I therefore should reconsider my order.

A district judge has broad discretion when ruling on a request to reconsider an order.  Serrano-Perez v. FMC Corp., No. 92-2060, 1993 WL 27352 at *13 (1st Cir. Feb. 11, 1993) (citing Mackin v. City of Boston, 969 F.2d 1273, 1279 (1st Cir. 1992), cert. denied, 113 S. Ct. 1043 (1993)).  However, the court must not overlook a relevant factor deserving of significant weight and must reconsider its decision where it has committed "a palpable error of judgment in calibrating the decisional scales." Id.

The Moores present no new legal or factual information to suggest that I have overlooked a relevant factor in making my decision that the court lacks supplemental jurisdiction over Lumber's claim against the Moores.  The only new facts they cite pertain to my decision that they are not indispensable parties.

2

Accordingly, I decline to reconsider my decision that the court lacks subject matter jurisdiction over Lumber's claims against the Moores.

I also decline to reconsider my decision to dismiss the Moores as non-indispensable parties. The Moores assert that I should reconsider this portion of my order because the Allens have never shown a willingness to defend vigorously their interests in this suit. I do not believe that the record supports this assertion. However, even if I were to accept the Moores' claim that the Allens lack a sufficient interest to vigorously defend the Moores' interests, I would still decline to reconsider my order. A determination that the Moores are indispensable parties would result in a dismissal of the action without an adequate alternative forum for either Lumber or the Allens. The harm that Lumber and the Allens would suffer from such a determination outweighs the Moores' interest in having the case dismissed. Accordingly, the Moore's Motion for Reconsideration (document no. 22) is denied.

II. Lumber's Motion to Amend Complaint

As a result of my February 12, 1993 order, the remaining parties in this action are Lumber, a Massachusetts resident as plaintiff, and the Allens, North Carolina residents as

defendants.  Upon due consideration, I find that the parties are now completely diverse, and that the court may assert subject matter jurisdiction over this suit.  Accordingly, Lumber's Motion to Amend its Complaint (document no. 21) is granted.

III.  <u>Moores' Motion to Intervene</u>

The Moores seek to intervene as defendants pursuant to Rule 24(a) of the Federal Rules of Civil Procedure.  The difficulty with their request is that the court lacks subject matter jurisdiction to permit them to intervene.

Prior to the adoption of the supplemental jurisdiction statute, a party seeking to intervene as a matter of right pursuant to Rule 24(a) was deemed to be subject to the court's ancillary jurisdiction.  <u>See, e.g.</u>, <u>International Paper Co. v. Inhabitants of the Town of Jay, Maine</u>, 887 F.2d 338, 346 (1st Cir. 1989).  The supplemental jurisdiction statute, Title 28 U.S.C. §1367, changed this practice in cases where the primary basis for jurisdiction is the diversity of citizenship of the parties.  Specifically, 28 U.S.C. §1367(b) provides in pertinent part:

> In any civil action of which the district
> courts have original jurisdiction founded
> solely on section 1332 of this title, the
> district courts shall not have supplemental
> jurisdiction under subsection (a) over claims
> by plaintiffs against persons made parties

4

> under Rule . . . 24 of the Federal Rules of
> Civil Procedure . . . when exercising
> supplemental jurisdiction over such claims
> would be inconsistent with the jurisdictional
> requirements of section 1332.

Because there is no diversity of citizenship between Lumber and the Moores, the court lacks subject matter jurisdiction to permit them to intervene as defendants. See, e.g., 3B James W. Moore & John E. Kennedy, Moore's Federal Practice, ¶ 24.18[1] (2d ed. 1993). Accordingly, the Moores' Motion to Intervene (document no. 24) is denied.

## CONCLUSION

In summary, the Moores' conditional motion to reconsider is denied (document no. 22). Lumber's motion to amend its complaint is granted (document no. 21). The Moores' motion to intervene is denied (document no. 20). Thus, the parties to the declaratory judgment action are: Lumber Insurance Company as plaintiff and the Allens as defendants.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

April 2, 1993
cc:  Stephen Borofsky, Esq.
     Pamela Albee, Esq.
     Doreen Connor, Esq.

5