**YORKSHIRE PARTNERSHIP, LTD.**

v.

**PACIFIC CAPITAL PARTNERS, et al.**

Civ. A. No. 92–1035–B.

United States District Court,
M.D. Louisiana.

Nov. 2, 1993.

Charles F. Duchein, III, Charles F. Duchein, III, A.P.L.C., Baton Rouge, LA, James S. Holliday, Jr., Baton Rouge, LA, for plaintiff.

Henry O'Connor, Jr., Charles L. Stern, Jr., Steeg & O'Connor, New Orleans, LA, Stephen Davis Marx, Chehardy, Sherman, Ellis, Breslin & Murray, New Orleans, LA, for defendants.

## RULING ON MOTION TO INTERVENE AS A PLAINTIFF

POLOZOLA, District Judge.

This matter is before the court on the motion by Samuel A. Wright, III, Commercial Real Estate Consultant d/b/a Samuel A. Wright & Associates (Wright), to intervene as a plaintiff in this action. For reasons which follow, the motion is denied.

A review of the record in this case reveals that the Court lacks supplemental subject matter jurisdiction over Wright's intervention. Wright's complaint of intervention names as defendants all of the parties to the main action, including Yorkshire, the plaintiff in the main action. The Court's subject matter jurisdiction in the main action is based on 28 U.S.C. § 1332. Since both Wright and Yorkshire are Louisiana partnerships, complete diversity would be destroyed if Wright were permitted to intervene in this case. Thus, because "exercising supplemental jurisdiction over [Wright's intervention] would be inconsistent with the jurisdictional requirements of section 1332,"[1] the Court lacks supplemental subject matter jurisdiction over the intervention.

The Court also finds that Wright's complaint of intervention does not satisfy the requirements mandated by Rule 24 of the Federal Rules of Civil Procedure. Wright cannot intervene as a matter of right[2] because its complaint of intervention fails to show that its claim for breach of contract damages is related to the subject of the main action between Yorkshire and Pacific Capital Partners.[3] The other prerequisites to intervention of right are also not satisfied by the complaint. As to permissive intervention,[4] 28 U.S.C. § 1367(a) does not grant federal district courts supplemental jurisdiction over permissive intervenors' claims because such claims do not "form part of the same case or controversy under Article III of the United States Constitution"[5] with the main action which provides the basis for the Court's original jurisdiction. In such instances, the party seeking to intervene must establish an independent basis for federal jurisdiction. Wright has failed to do so.

Therefore:

**IT IS ORDERED** that Wright's motion to intervene as a plaintiff be and it is hereby **DENIED** without prejudice to his right to file a separate suit in the proper forum.

---

1. 28 U.S.C.A. § 1367(b) (West Supp.1993) provides: "In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) ... over claims by persons ... seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."

2. Fed.R.Civ.P. 24(a).

3. Fed.R.Civ.P. 24(a)(2) provides that "anyone shall be permitted to intervene in an action: ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

4. Fed.R.Civ.P. 24(b).

5. 28 U.S.C. § 1367(a) (West Supp.1993).