**DEERE & COMPANY, Plaintiff,**

v.

**DIAMOND WOOD FARMS, INC.; Ray Dawson, Luelte Dawson; and Ray Dawson, Jr., Defendants.**

No. H–C–93–068.

United States District Court, E.D. Arkansas, E.D.

Nov. 3, 1993.

James Maurice Rogers, Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd., Little Rock, AR, for Deere & Co., plaintiff.

Charles Allen, West Helena, AR, for Merchants and Farmers Bank, intervenor-plaintiff.

Gary James Mitchusson, Butler, Hicky & Long, Forrest City, AR, for Diamond Wood Farms, Inc., Ray Dawson, Luelte Dawson, and Ray Dawson, Jr., defendants.

## MEMORANDUM OPINION AND ORDER

SUSAN WEBBER WRIGHT, District Judge.

Before the Court is the motion of the defendants to dismiss pursuant to Fed. R.Civ.P. 12(b)(2) to which plaintiff has responded.

### I.

This case involves defendants' default on a number of loans for the purchase of farm equipment. Intervenor Merchants and Farmers Bank brought suit in Lee County Chancery Court against Diamond Wood Farms, the Dawson defendants, and John Deere Company ("John Deere"). John Deere filed a motion to dismiss in the state court case, challenging the jurisdiction of the court. It then filed the above-styled case in this Court seeking judgment against the defendants. Defendants' motion to dismiss because of the pendency of the state case was denied. Plaintiff then entered into an Agreed Temporary Order with Merchants and Farmers Bank ("Merchants and Farmers") in the state case, which provided that John Deere could sell equipment owned by Diamond Woods Farm on which it has a first lien and on which Merchants and Farmers has a second lien. They further agreed that any surplus proceeds received as a result of the sale would be paid into the registry of the court and that John Deere would allow Merchants and Farmers to intervene in the case pending before this Court. Without objection by the defendants, the Court granted the motion to intervene of Merchants and Farmers, and now defendants ask the Court to dismiss the action, arguing that by virtue of the Agreed Order plaintiff has consented to the jurisdiction of the state court. They also contend the complaint in intervention should be dismissed because complete diversity does not exist between the intervenor and the intervenees.

In response, plaintiff argues that it did not consent to the jurisdiction of the state court as the Agreed Order states that its motion to dismiss remains in effect and that it does not waive any of the issues raised in that motion. Further, plaintiff contends that there need be no independent jurisdictional grounds to support the complaint in intervention as the Court may exercise its ancillary jurisdiction over the claims raised in the intervenor's complaint where there is intervention as of right.

### II.

The Judicial Improvements Act of 1990 created a new provision concerning "supplemental jurisdiction." This provision, 28 U.S.C. § 1367, clarifies and codifies the law that developed under the terms "pendent" and "ancillary" jurisdiction. It provides:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or contro-

versy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

The exception that applies in the case before the Court is set forth in subsection (b), which states:

In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

In other words, supplemental jurisdiction cannot be exercised when it would destroy diversity.[1]

■ Although the Court granted the motion to intervene without objection by the defendants, the Court itself is obligated to examine and determine its own jurisdiction and may do so at any time. *See Langer v. Daley*, 734 F.Supp. 393 (D.Minn.1990) (court must determine independently, in every case, whether federal jurisdiction exists). In light of § 1367(b), the Court finds that it does not have supplemental jurisdiction over the complaint in intervention.

### III.

■ The question remains, however, whether this action may proceed in the absence of Merchants and Farmers as a party or whether the action must be dismissed. The Court initially must determine whether Merchants and Farmers meets the test of

Rule 19(a) of the Federal Rules of Civil Procedure as a person who should be joined as a party if its joinder would not deprive the court of jurisdiction.[2] Rule 19(a) provides:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant or, in a proper case, an involuntary plaintiff.

John Deere has a first lien and Merchants and Farmers has a second lien on the farm equipment involved in this case. They both claim an interest in the surplus proceeds from the sale of the equipment. John Deere asserts that any amount it receives from the sale of the equipment above and beyond the amount owed on specific notes will be applied to other indebtedness owed to John Deere by the defendants. Merchants and Farmers contends that the surplus should be applied to its notes on its second lien. The Agreed Order in the state court case states that the parties agree that the surplus proceeds will be deposited in the registry of the court. This Court, presumably, then will resolve the issues between John Deere and Merchants and Farmers.

---

1. "[Section] 1367(b) makes one change in prior practice by eliminating supplementary jurisdiction over a party who intervenes, even if by right, as a plaintiff in a diversity action if that party does not meet the requirements for diversity jurisdiction." 3A James Wm. Moore et al., Moore's Federal Practice ¶ 24.18 (2d ed. 1993).

2. *See* Fed.R.Civ.P. 21 which provides: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

The Court finds that a disposition of this case in the absence of Merchants and Farmers might impair or impede its ability to protect its interest in the proceeds of the sale of the equipment and that it should be joined "if feasible."

## IV.

■ Rule 19(b) provides that if a person described in Rule 19(a) cannot be made a party, the court shall consider whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party being thus regarded as "indispensable." [3] The factors to be considered by the court include:

first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Rule 19(b). The standard of review for this determination by the trial court is abuse of discretion. *Pembina Treaty Committee v. Lujan,* 980 F.2d 543, 545 (8th Cir.1992).

The first two factors concern the extent a judgment rendered in the absence of Merchants and Farmers might be prejudicial to it or the other parties in this case and whether such prejudice can be lessened or avoided. As already noted, Merchants and Farmers claims an interest in the surplus proceeds from the sale of farm equipment on which it has a second lien. A judgment rendered in its absence might be prejudicial in light of the fact that John Deere is claiming the proceeds should be applied to other indebtedness owed it by the defendants. Merchants and Farmers might lose its claim to the proceeds if it is not present to claim them. In addition, the Court is doubtful that there are any protective measures or that the judgment could be shaped to lessen or avoid prejudice to Merchants and Farmers.

The third factor to be considered is whether a judgment rendered in the person's absence will be adequate. This factor pertains to the interest of the courts and the public in complete, consistent, and efficient settlement of controversies. *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 111, 88 S.Ct. 733, 738, 19 L.Ed.2d 936 (1968). Here, a judgment in favor of John Deere could bring another action or, as previously noted, practically result in Merchants and Farmers losing any chance to claim some of the proceeds.

The fourth factor also weighs in favor of Rule 19(b) dismissal because an adequate remedy is available in state court by virtue of the fact that there is a case pending in state court involving all the parties and the same issues.

■ Having considered the Rule 19(b) factors, the Court concludes that Merchants and Farmers is an indispensable party and that the Court cannot "in equity and good conscience" proceed without it.[4]

## IV.

In sum, the Court finds that defendants' motion to dismiss should be and is hereby granted. The Court finds it lacks jurisdiction over the complaint in intervention and that Merchants and Farmers is an indispens-

---

**3.** A district court may consider whether a person is an indispensable party under Rule 19(b). 3A Moore's Federal Practice ¶ 19.05 suggests that "both the trial court and the appellate court have the power and the duty to act sua sponte to protect the rights of the absent person, whether by ordering that he be added or, if this is not feasible, by dismissing the action."

**4.** The same factors weighing against the exercise of federal jurisdiction under the *Colorado River* abstention doctrine are implicated under Rule 19. *See Gonzalez v. Cruz,* 926 F.2d 1 (1st Cir. 1991) (district court dismissed action holding abstention was appropriate because the proceedings in state court could fully adjudicate the controversy. The court of appeals vacated the dismissal, holding the factors cited in favor of abstention were insufficient. It noted, however, that the case implicated issues under Rule 19 and stated that even though the issue of whether a particular party was indispensable was not raised, the district court could consider the issue sua sponte in order to protect the rights of the absent party).

**162**

able party whose absence mandates dismissal of this action.[5]

SO ORDERED.

5. The motion by John Deere and Merchants and Farmers for leave to deposit funds into Court Registry is denied as moot.