Teresa BETANCOURT–TORRES,
et al., Plaintiffs,

v.

PUERTO RICO ELECTRIC POWER
AUTHORITY, Defendant.

Civil No. 95–1954 (DRD).

United States District Court,
D. Puerto Rico.

Jan. 22, 1996.

---

Jorge Ortiz–Brunet, Ortiz Toro & Ortiz Brunet, San Juan, PR, for plaintiffs.

Lillian E. Mendoza–Toro, McConnell Valdes, San Juan, PR, Pedro Santiago–Torres, San Juan, PR, for defendant.

### OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court is a motion seeking leave to intervene under Fed.R.Civ.P. 24(b)(2). Petitioners are not diverse from defendant, but urge the Court to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over their claims. We deny the mo-

tion because § 1367(b) specifically bars the exercise of supplemental jurisdiction over claims brought by parties seeking intervention as plaintiffs if they are not diverse parties.

### I. Facts

On November 2, 1994, in Trujillo Alto, Puerto Rico, Miguel Angel Betancourt–Díaz drove his dump truck a few yards down the street from his driveway in order to replace one of the truck's tires. In order to reach the spare tire, he had to raise the truck-bed. Unbeknownst to him, as the truck-bed rose, it came into contact with an overhead distribution power line that carried electricity at 4,200 volts. As a result, when Mr. Betancourt–Díaz touched the truck's frame, he received a high-voltage shock that eventually killed him. His son, Miguel Angel Betancourt–Rivera, attempted to pull him away from the energized truck, but was also killed by the electric shock.

In the ensuing commotion, various other members of the Betancourt family tried to save them. In particular, Héctor Delgado–Betancourt, a minor, tried to pry them loose from the truck by using a piece of wood as a lever, but because the ground around the truck was also energized, as he approached his legs were severely burned by the electricity; eventually, both his legs had to be amputated. His mother, Evelyn Betancourt–Sánchez, ran over to grab him. Although she succeeded, she suffered electrical burns to her hands.

Defendant P.R. Electric Power Authority is a public corporation organized under the laws of, and with its principal place of business in, the Commonwealth of Puerto Rico. None of the original plaintiffs, who are all related to the Betancourt side of the family,[1] reside in Puerto Rico.[2] In contrast, the petitioners, who are related to plaintiff Héctor Delgado–Betancourt on his father's side,[3] all reside in Puerto Rico.

---

**1.** For example, Teresa Betancourt–Torres and her sister, Carmen Betancourt–Torres, are Mr. Betancourt–Díaz's aunts and thus Mr. Betancourt–Rivera's great aunts. The other plaintiffs are also close relations.

**2.** One resides in New York, another in New Jersey, three in Florida, and three in Massachusetts.

**3.** Héctor Delgado–Arroyo, Carmen Arroyo–Colón, Irma N. Delgado–Arroyo, Rafael Delgado–

## II. Discussion

This Court has jurisdiction over this case under 28 U.S.C. § 1332 (1993), inasmuch there is complete diversity between the original plaintiffs and the defendant. There is no diversity, however, between petitioners and defendant P.R. Electric Power Authority. Clearly, they would not have had access to the federal forum had they filed suit separately. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

Petitioners respond that the Court has supplemental jurisdiction, under 28 U.S.C. § 1367 (1993), over their state law claims against defendant. At first blush, their argument might hold some appeal, for according to § 1367(a):

> "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *Such supplemental jurisdiction shall include claims that involve the joinder or intervention of other parties.*" (emphasis added).

However, this initial impression is belied by § 1367(b), which in pertinent part provides that:

> "[i]n any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall *not* have supplemental jurisdiction under subsection (a) ... over claims by persons ... seeking to intervene as plaintiffs under Rule 24 ... when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." (emphasis added).

We find that § 1367(b) is entirely applicable to the petition at hand. As we noted above, 28 U.S.C. § 1332 provides the only jurisdictional basis for this case. Moreover, petitioners are seeking permissive intervention as plaintiffs under Fed.R.Civ.P. 24(b)(2). And, finally, because petitioners are not diverse from defendant, their intervention in the suit would defeat diversity jurisdiction. Therefore, the only course of action open to this Court is to deny the petition for intervention.

## III. Conclusion

Pursuant to 28 U.S.C. § 1367(b), this Court must deny the petition for intervention. Petitioners will have their day in court, but in a state court. The intervention requested is therefore DENIED.

**IT IS SO ORDERED.**

Arroyo, and Carlos Delgado–Arroyo are, respectively, his father, grandmother, aunt, and two uncles.