LIBERTY MUTUAL GROUP, Plaintiff,

v.

HILLMAN'S SHEET METAL AND CER-
TIFIED WELDING, INC., and Timothy
Russell, d/b/a X–Sell Refrigeration, De-
fendants.

Civ. No. 95–270–B.

United States District Court,
D. Maine.

July 24, 1996.

R. Paul Roecker, Fitzhugh & Associates,
Boston, MA, for Liberty Mutual.

David C. King, Rudman & Winchell, Ban-
gor, ME, for Hillman's Sheet Metal.

Timothy C. Woodcock, Weatherbee, Wood-
cock, Burlock & Woodcock, Bangor, ME, for
Timothy Russell.

H. Peter Del Bianco, Jr., Black, Lambert,
Coffin & Rudman, Portland, ME, for Middle-
sex Mutual Assurance.

David W. Bate, Bangor, ME, for Stephen
Brooks.

Carl F. Rella, Rella, Dostie & Tucker,
P.A., Bangor, ME, for Lawrence Largay &
Robert Brooks.

Frederick J. Costlow, Richardson, Whit-
man, Large & Badger, Bangor, ME, for All-
state Insurance.

ORDER AND MEMORANDUM
OF DECISION

BRODY, District Judge.

Plaintiff, Liberty Mutual Group, as a sub-
rogee, filed this action against Defendants,
Hillman's Sheet Metal and Certified Weld-
ing, Inc. and Timothy Russell, doing business
as X–Sell Refrigeration.  Plaintiff alleges

that Defendants' negligence caused a fire which extensively damaged a building it insured, and seeks reimbursement for insurance benefits it has provided to the owners under the policy. Stephen Brooks operated Tropical Air Tanning Salon, a business located in the building which also sustained extensive damages in the fire. Brooks now moves to intervene in this action under Rule 24 of the Federal Rules of Civil Procedure, to assert a negligence claim against Defendants. In the alternative, Brooks claims that he is an indispensable party without which the case may not proceed in federal court and must be dismissed. *See* Fed.R.Civ.P. 19(b). For the following reasons, the Court denies Stephen Brooks' Motion.

### Rule 24 Intervention

■ Intervention may occur as of right or by permission of the court. *See* Fed.R.Civ.P. 24. Rule 24(a) provides for intervention as of right when the applicant claims an interest relating to the property or transaction which is the subject of the action. Fed.R.Civ.P. 24(a)(2). Rule 24(b) provides for intervention by permission of the court when an applicant's claim or defense and the main action have a question of law or fact in common. Fed.R.Civ.P. 24(b)(2). Stephen Brooks has moved to intervene both as of right and by permission.

■ Federal jurisdiction over this action rests solely on diversity of citizenship, 28 U.S.C. § 1332. Section 1332 vests federal district courts with original jurisdiction over all civil actions involving citizens of different states provided the amount in controversy exceeds $50,000. Section 1332 has long been construed as requiring complete diversity, meaning no plaintiff may reside in the same state as any defendant. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch.) 267, 2 L.Ed. 435 (1806).

Plaintiff, Liberty Mutual, satisfies the requirements of § 1332: it resides in Indiana, both Defendants reside in Maine, and Liberty Mutual seeks subrogation for over $400,-000 it has remitted in insurance benefits to

the owners of the burned building. Stephen Brooks, however, resides in Maine. His addition to this action would undermine the complete diversity necessary for § 1332 jurisdiction.[1] Stephen Brooks' Motion thus requires this Court to determine whether it can exercise jurisdiction over the claims of a nondiverse plaintiff-intervenor, either of right under Rule 24(a), or by permission under Rule 24(b).

■ It has long been settled in this Circuit that a petition for permissive intervention under Rule 24(b) requires an independent basis of jurisdiction, which Stephen Brooks lacks. *See International Paper Co. v. Town of Jay,* 887 F.2d 338, 346 (1st Cir.1989). Less clear is Brooks' Rule 24(a) Motion, which necessarily triggers analysis under 28 U.S.C. § 1367, the Supplemental Jurisdiction statute.

Traditionally, federal district courts have held that a nondiverse intervening party will not defeat complete diversity unless that party was indispensable at the commencement of the action. *See* Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure:* Civil 2d § 1917. Thus, a court's conclusion that a plaintiff could intervene as of right under Rule 24(a), and that the plaintiff was not an indispensable party at the commencement of the case would allow that plaintiff to intervene even at the expense of complete diversity.

In 1990, however, Congress passed the Judicial Improvements Act of 1990, which among other things, codified ancillary and pendent jurisdiction under the broad term "Supplemental Jurisdiction." *See* 28 U.S.C. § 1367, David Siegel, *Practice Commentary,* "The 1990 Adoption of § 1367, Codifying 'Supplemental' Jurisdiction," at 829. Section 1367(a) broadly provides that where district courts have original jurisdiction, they also have supplemental jurisdiction "over all other claims that are so related to claims in the action ... that they form part of the same case or controversy...." 28 U.S.C. § 1367(a).

---

**1.** Stephen Brooks asserts, and the Court can identify, no independent basis of jurisdiction over his claims against Defendants.

Section 1367(b), however, severely limits that broad grant in the context of certain kinds of claims. Section 1367(b) provides that where jurisdiction rests solely on diversity, district courts shall not have jurisdiction

> over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b). The plain language of § 1367(b), as revised in 1990, thus calls into question whether district courts may ever exercise supplemental jurisdiction over any non-diverse plaintiff-intervenor. 28 U.S.C. § 1367(b), David Siegel, *Practice Commentary*, at 833; Wright, Kane and Miller at § 1917 (1996 Pocket Part).

The First Circuit has stated that " '[f]ederal courts are courts of limited jurisdiction, and ... may exercise only the authority granted to them by Congress.' " *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668, 674 (1st Cir.1994) (quoting *Commonwealth of Mass. v. Andrus*, 594 F.2d 872, 887 (1st Cir.1979)). Accordingly, "specific legislative directives override the general principles announced in ... cases." *Id.* Rule 82 of the Federal Rules of Civil Procedure underscores strict adherence to specific legislative directives on jurisdiction, providing that "[t]hese rules shall not be construed to extend or limit the jurisdiction of the United States district courts...."

The plain language of § 1367(b) makes no distinction between intervention as of right under Rule 24(a) and permissive intervention under Rule 24(b). Instead, § 1367(b) expressly states that district courts shall not have supplemental jurisdiction over claims of proposed Rule 24 plaintiff intervenors when exercising such jurisdiction would be incon-

sistent with the requirements of § 1332. 28 U.S.C. § 1367(b). While the First Circuit has not yet been squarely presented with the issue, the weight of authority supports the conclusion that § 1367(b) precludes the exercise of supplemental jurisdiction over claims by nondiverse plaintiff-intervenors, even as of right under Rule 24(a). *See, e.g., Development Finance Corporation v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 159 (3d Cir.1995) (§ 1367(b) eliminates supplemental jurisdiction over plaintiff-intervenors); *Krueger v. Cartwright*, 996 F.2d 928, 933 & n. 6 (7th Cir.1993) (same); *Yorkshire Partnership, Ltd. v. Pacific Capital Partners*, 154 F.R.D. 141, 142 (M.D.La.1993) (same); *Lumber Insurance Companies, Inc. v. Allen*, 892 F.Supp. 31, 33 (D.N.H.1993) (same); *Deere & Company v. Diamond Wood Farms, Inc.*, 152 F.R.D. 158, 160 n. 1 (E.D.Ark.1993) (same) *Manhattan Fire & Marine Insurance Co. v. Northwestern Regional Airport Commission*, 1995 WL 382704 at *3–4 (W.D.Mich.) (same); *York Research Corp. v. Landgarten*, 1992 WL 373268 at *4 (S.D.N.Y.) (same); *Colonial Penn Insurance Co. v. American Centennial Insurance Co.*, 1992 WL 350838 at *3 (S.D.N.Y.) (same); *Atherton v. Casey*, 1992 WL 235894 at *2 (E.D.La.) (same); *but see MCI Telecommunications Corporation v. The Logan Group*, 848 F.Supp. 86, 88–9 (N.D.Tex.1994)[2]; *see also Casas Office Machines, Inc.*, 42 F.3d at 674 n. 7 (§ 1367(b) precludes supplemental jurisdiction over nondiverse permissive intervenor-plaintiff); *Betancourt–Torres v. Puerto Rico Electric Power Authority*, 164 F.R.D. 307, 309 (D.P.R.1996) (same); *Maryland Casualty Co. v. W.R. Grace & Co.*, 1996 WL 34154 at *3 (S.D.N.Y.) (differentiating between nondiverse plaintiff-intervenors and defendant-intervenors under § 1367); *Chase Manhattan Bank v. Aldridge*, 906 F.Supp. 866, 868–69 (S.D.N.Y.1995) (§ 1367(b) precludes supplemental jurisdiction over plaintiff's claim against nondiverse third party); *Lynch v. TCM America, Inc.*, 1991 WL

---

**2.** In *MCI Telecommunications v. The Logan Group*, 848 F.Supp. 86, 88–9 (N.D.Tex.1994), the court recognized that § 1367(b) precludes the exercise of supplemental jurisdiction over nondiverse plaintiff-intervenors, but went on to allow intervention of nondiverse parties "who must intervene to defend or protect interests put in

issue by the federal action and likely to be lost without the part[ies'] intervention." Although not expressly stated, it appears that under some circumstances the Northern District of Texas would exercise supplemental jurisdiction over a nondiverse plaintiff-intervenor who sought to intervene as of right. *See id.*

626743 at *1 (E.D.N.Y.) (§ 1367(b) precludes supplemental jurisdiction over nondiverse plaintiffs in context of consolidation of state and federal matters).

The language of § 1367(b) as well as the vast authority supporting its literal reading leads this Court to conclude that § 1367(b) precludes any exercise of jurisdiction over Stephen Brooks' claims, and the Court denies his Motion to Intervene.[3]

### Rule 19 Indispensable Parties

■ Stephen Brooks also asserts that he is an indispensable party to this action and argues that if the Court cannot exercise supplemental jurisdiction over his claims, the Court must dismiss this action. The Court understands this argument to revolve around Rule 19 of the Federal Rules of Civil Procedure.

Rule 19, entitled "Joinder of Persons needed for Just Adjudication," provides that:

(a) [a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party if ... (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a)(2). The plain language of § 1367(b) precludes an exercise of supplemental jurisdiction over nondiverse plaintiffs sought to be joined under Rule 19. 28 U.S.C. § 1367(b). The Court, therefore, may

not feasibly join Stephen Brooks under Rule 19(a) because to do so would "deprive [this] court of jurisdiction over the subject matter of the action."[4] Fed.R.Civ.P. 19(a).

That finding requires this Court, under Rule 19(b), to determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person thus being regarded as indispensable." Fed.R.Civ.P. 19(b); *Acton Co. of Mass. v. Bachman Foods, Inc.,* 668 F.2d 76, 78 (1st Cir.1982); *Jay's Drug Stores, Inc. v. Aetna Casualty and Surety Co.,* 1993 WL 427460 at *1 (D.Mass.). In determining whether a party is indispensable, the Court should consider (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed.R.Civ.P. 19(b).

This Court determines that Stephen Brooks will not suffer significant prejudice, if any, should this action continue in his absence, which compels the conclusion that he is not an indispensable party without whom this case must be dismissed. *See* Rule 19(b) (prejudice to absent party is a factor in determining indispensability). Stephen Brooks suggests that he will be prejudiced by the risk that Liberty Mutual will secure a judgment and render Defendants financially unable to satisfy any subsequent judgment he may secure. To the extent Stephen Brooks identifies prejudice, however, it in no way bears on his ability to pursue his legal claims against Defendants. Disposition of the ac-

---

**3.** The Court notes that the Parties have not argued that Stephen Brooks should be aligned as a defendant intervenor. *See, e.g., Development Finance Corp.,* 54 F.3d at 159 (diversity not defeated where intervenor aligns with defendant and not plaintiff); *Colonial Penn Insurance Co.,* 1992 WL 350838 at *4 (same). The Court, however, is satisfied that Brooks, pressing no claim against Liberty Mutual with respect to liability for negligence and seeking essentially the same damages as Liberty Mutual, would not be aligned as anything other than a plaintiff in this case. *See Atherton,* 1992 WL 235894 at *2 (intervenor

aligned as plaintiff where it seeks same damages as original plaintiff).

**4.** While some courts have examined the merits of a Rule 19(a) motion despite the determination that Rule 19(a) joinder would deprive them of subject matter jurisdiction, *see, e.g., Acton,* 668 F.2d at 78–80; *Jay's Drug Stores,* 1993 WL 427460 at *2, this Court's conclusions, that Stephen Brooks' joinder would deprive the Court of jurisdiction and that he is not an indispensable party, render a Rule 19(a) analysis unnecessary.

**94**

tion in Stephen Brooks' absence, for example, would not prevent him from pursuing his claim in an alternative forum with the requisite jurisdiction.

In addition to having no legal impact on Stephen Brooks' ability to protect and assert his claim, the Defendants' future financial condition and its impact on Brooks' ability to enforce a judgment present issues far too speculative to compel dismissal of this action. Stephen Brooks fails, furthermore, to demonstrate to this Court how his addition to this action would protect his ability to collect on any judgment he may receive better than if he proceeded in state court.[5] In short, Stephen Brooks has not established that he would be prejudiced in a legally significant manner by the continuation of this suit in federal court in his absence.

### Disposition

The Court *DENIES* Stephen Brooks' Motion to Intervene.

*SO ORDERED.*

---

**5.** Should Liberty Mutual attach Defendants' assets prior to Brooks, for example, any judgment he received as an intervenor in this suit would stand behind Liberty Mutual in priority. By contrast, should Brooks attach prior to Liberty Mutual, he would remain protected even if Liberty Mutual secured a judgment in federal court prior to any judgment he might receive in state court.