**JOSEPH BRENNER ASSOCIATES, INC., Plaintiff–Appellant,**

v.

**STARMAKER ENTERTAINMENT, INC., Defendant,**

Christina Burks Lee, Esq., Appellee.

No. 995, Docket 95–7721.

United States Court of Appeals, Second Circuit.

Argued Jan. 18, 1996.

Decided April 22, 1996.

Reuben Blum, New York City, for Appellant.

Kleon C. Andreadis, Andreadis & Natsios, Brooklyn, New York (C.B. Lee, New York City, of counsel), for Appellee.

Before: KEARSE, WALKER, and HEANEY,* Circuit Judges.

HEANEY, Senior Circuit Judge:

This case involves a dispute between an attorney, Christina Burks Lee, and her client, Joseph Brenner, the sole shareholder of Joseph Brenner Associates, Inc. ("Brenner, Inc."). Brenner appeals from a judgment entered in the United States District Court for the Southern District of New York (Richard Owen, *District Judge*), granting Lee leave to withdraw for cause as counsel for Brenner, Inc., awarding unpaid counsel fees together with prejudgment interest, and granting a retaining lien on the legal files in her possession. We affirm.

## I. BACKGROUND

Beginning in 1990, Lee represented Brenner in two copyright infringement cases involving twenty-nine allegedly "pirated" videotapes of motion pictures for which he claimed Brenner, Inc. owned the copyrights. Over a four-year period, Lee invested significant time and effort on her client's behalf. By mid–1994, however, the attorney-client relationship deteriorated.

On November 4, 1994, Lee moved the court for permission to withdraw from representation, for a judgment on the balance due, and for a lien on the files in her possession until Brenner made full payment. Brenner opposed Lee's motion and cross-moved the court to relieve Lee as attorney but to require her to turn over the files, to find the legal fees excessive, to relieve Brenner from any obligation to pay the fees, and to assess punitive damages against Lee. After a two-day hearing, the district court permitted Lee to withdraw from representation, ordered Brenner to pay the outstanding balance of

---

* The Honorable Gerald W. Heaney, United States Senior Circuit Judge for the Eighth Circuit, sitting by designation.

$49,284.26, and granted Lee a retaining lien over the litigation files. The court denied Brenner's cross-claims in all respects.

On appeal, Brenner argues that Lee was not justified in requesting leave to withdraw and challenges the district court's determination that Lee's legal fees were reasonable.

## II. DISCUSSION

### A. Withdrawal from Representation

■ Before the district court, Brenner agreed that Lee should withdraw as counsel, though he contended that she had deliberately precipitated the crisis and thus was not entitled to the requested compensation. We are confident that the record provides ample justification for Lee's withdrawal.

During the course of representation, Brenner insisted, over Lee's objections, on having his son participate in the case. Lee had represented Brenner's son in a prior, unrelated matter and found it difficult to work with him based on hostility that had developed between them. In addition, Brenner's son hired an attorney, Lawrence Stanley, to represent his interests in the litigation. Stanley contacted Lee and sought to participate in the representation. Lee perceived Stanley's position to be that of a "back-seat driver" and she refused to work with him as co-counsel. Moreover, Brenner began complaining about Lee's representation, and as of March 1994, he stopped making his previously regular, monthly installment payments.

Given these circumstances, Lee was no longer able to represent Brenner effectively and her request to withdraw was appropriate. *See* N.Y. Comp.Codes R. & Regs. tit. 22, § 1200.15(c)(1)(iv) (withdrawal permissible if client renders it unreasonably difficult for the lawyer to carry out employment effectively). Accordingly, we affirm the district court's decision to permit Lee to withdraw from representation.

### B. Attorneys Fees

■ Brenner also challenges the court's determinations with respect to his outstanding legal fees. First, he argues that Lee's increase of her hourly rate, from $150 to $180, was unenforceable because it lacked consideration. Brenner did not specifically raise this argument before the district court, but the court adequately addressed the fee increase in its opinion so that we may address, and reject, Brenner's claim. *See, Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 527 (2d Cir.), *cert. denied,* 498 U.S. 846, 111 S.Ct. 132, 112 L.Ed.2d 100 (1990) (federal appellate courts generally will not consider claims not presented in the lower courts). The court credited Lee's testimony that in January 1993 she informed Brenner of the increase and that he had agreed to it. Brenner testified that his memory was failing and that he did not remember a conversation about the hourly rate increase. We defer to the district court's factual findings, particularly those based on credibility determinations, unless they are clearly erroneous. *See Anderson v. City of Bessemer,* 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985). We see no reason to upset the court's finding on this issue. Moreover, Brenner's consideration theory falters because Lee continued to provide services to him after the fee increase.

■ Second, Brenner argues that Lee's failure to bill Brenner for over two years constituted a substantial breach of their retainer agreement, thus warranting recision of their contract. Although the court indicated in its opinion that Brenner did not argue breach of contract, it examined the parties' payment arrangement, noting that it was "somewhat unusual." Lee initially informed Brenner of her hourly rate and that she billed regularly. For the first two years, regardless of the amount billed, Brenner made monthly installment payments of $2,000 to $2,500, and later $1,000. Lee admits that from October 1992 until September 1994, she did not submit a bill to Brenner, but claims that she did not do so because of Brenner's depression at the time. Lee testified that she received payments from Brenner through March or April 1994 and that he did not complain about the bill. Brenner offered no evidence that he objected to this unusual billing practice until after their relationship came to an end. We do not condone Lee's conduct. We agree with the district court, however, that she did not materially

breach her contract with Brenner. Moreover, were we to find a breach based on failure to bill, Lee would still be entitled to recover for her services based on a quantum meruit theory. *See In re Rosenman & Colin,* 850 F.2d 57, 63 & n. 3 (2d Cir.1988).

▪ Third, Brenner contends that the court did not properly review the requested fees. The court held a two-day evidentiary hearing and reviewed the documents submitted by both parties. Contrary to Brenner's allegations, the court did not prevent him from presenting expert testimony to challenge Lee's legal fees. On the first day of the hearing, the following transpired:

> Mr. Stanley [Brenner's attorney]: So, Judge, you are saying that if I brought an expert ... you wouldn't credit his testimony as being an indication of the veracity of these bills?
>
> The Court: I don't suppose—
>
> Mr. Stanley: Or the reasonableness of these bills?
>
> The Court: Let's put it this way. I am not going to foreclose anything, but I would have a hard time saying that because you found somebody who is a speedy Gonzalez, ... that somebody who takes a lot more time to do the same task is lying because that person can do it faster.
>
> Mr. Stanley: Could I have leave to bring such an expert tomorrow morning?
>
> The Court: You could bring him. That is your prerogative. But let's see where it falls.

Tr. 140–141. On the second day of the hearing, Mr. Stanley declined to present his expert witness to the court:

> Mr. Stanley: I didn't bring an expert witness today, because I happen to agree with your Honor that if the Court isn't willing to consider reasonableness on billing, then and expert witness is really not going to add anything. I don't think that an expert witness is really more of an expert than the Court is on these matters.

Tr. 189. Because Brenner failed to demonstrate that the witness would testify to anything other than that another lawyer could have performed the work more quickly and failed to bring any particular instances of waste to the court's attention, his proffer was inadequate. Thus, the district judge did not abuse its discretion in limiting the testimony at the hearing.

▪ In reviewing Lee's fee request, the court noted the substantial amount of work Lee performed over the four years of representation. Her work included extensive initial investigation to determine what claims Brenner had, preparation of two lengthy complaints, opposition to a motion to transfer the case from New York to California, motions to disqualify counsel, settlement negotiation, a motion to compel discovery, discovery conferences, and several depositions—or parts thereof—in California. The court considered the complexity of the case and Lee's status as a sole practitioner with little or no support staff. In light of the evidence before it, the court did not abuse its discretion in determining that Lee's request was reasonable and in ordering Brenner to pay the full amount.

▪ Finally, Brenner argues for the first time in his reply brief that the trial court did not have the authority to enter a money judgment. This court has previously held that a district court, in its discretion, may exercise ancillary jurisdiction to hear a fee dispute when the dispute relates to the main action. *Cluett, Peabody & Co. v. CPC Acquisition Co.,* 863 F.2d 251 (2d Cir.1988); *see also National Equipment Rental Ltd. v. Mercury Typesetting Co.,* 323 F.2d 784 (2d Cir.1963) (federal district court may condition substitution of attorneys upon client's payment of substituted attorney's reasonable fees and disbursements). Here, the fee dispute was related to the main action. Because the district court was familiar with the amount and quality of the work performed by Lee, the district court did not abuse its discretion in exercising ancillary jurisdiction with respect to Lee's claim for attorney's fees.

## III. CONCLUSION

Based on the foregoing, we affirm the district court's decision permitting Lee to withdraw from representation, awarding unpaid counsel fees, together with prejudgment in-

terest, and granting a retaining lien on the legal files in her possession.