**Richard P. VACHULA**

v.

**GENERAL ELECTRIC CAPITAL CORPORATION.**

**No. 3:96CV1979(RNC).**

United States District Court, D. Connecticut.

May 2, 2000.

Scott R. Lucas, Gary A. MacMillan, Mary Alice S. Canaday, MacMillan & Lucas, Westport, CT, for plaintiff.

John W. Hamlin, Patrick W. Shea, Paul, Hastings, Janofsky & Walker, Stamford, CT, for defendant.

*RULING ON MOTION TO WITHDRAW AS COUNSEL*

MARTINEZ, United States Magistrate Judge.

Currently pending before this court is the motion of the plaintiff's attorneys to withdraw as counsel (doc. # 75). The motion is DENIED for the reasons that follow.

## I. PROCEDURAL HISTORY

The plaintiff filed his complaint on September 25, 1996. His case is nearly 4 years old and the litigation has been protracted. Discovery initially was scheduled to end on March 27, 1997. Both parties requested and were given a number of extensions of time to complete discovery. A review of the docket reveals that the pretrial deadlines for completion of discovery were changed 5 times.

The trial also has been delayed. Jury selection originally was set for December 14, 1999; it was postponed to February 8, 2000; again, it was postponed until May 8, 2000, the date still in place. Yet another motion for continuance was filed and denied this week.

The docket reflects that Attorney Gary A. MacMillan, as well as other members of his firm, filed appearances on behalf of the plaintiff. On April 12, 2000, the plaintiff filed a *pro se* appearance. On April 19, 2000, the plaintiff's attorneys filed a motion to withdraw as counsel. Oral argument was held before the undersigned on April 28, 2000.

## II. FACTS

In their motion to withdraw as counsel, the plaintiff's attorneys assert the following grounds:

1. The plaintiff has failed and refused to heed the advice of counsel concerning actions to be undertaken in preparation for the trial in this matter, despite repeated assurances that he would do so.

2. There is a difference of opinion between counsel and the plaintiff concerning case risk analysis and case valuation.[1]

---

1. During oral argument, Attorney MacMillan conceded that this is not an adequate ground to justify his withdrawal. He said that a difference of opinion between him and his client about settlement alone would not lead him to seek withdrawal.

3. The plaintiff has failed to date, despite assurances to the contrary, to meet his financial obligations to his trial damages expert. Plaintiff has also failed, despite repeated assurances to the contrary, to supply documents requested by the expert and the defendant.

4. Plaintiff has accused counsel of placing counsel's financial interest ahead of plaintiff's interests and expressed loss of confidence in counsel.

5. The plaintiff insists upon pursuing a course of conduct that counsel considers imprudent. ·

6. The representation has been rendered unreasonably difficult by the plaintiff.

7. Continuing the representation could result in prejudice to the plaintiff's interests or a violation of the Rules of Professional Conduct.

8. Counsel believes that the client's ability to make adequately considered decisions in connection with the representation is impaired.

Doc. # 75.

In support of the motion, Attorney Mac-Millan submitted an affidavit under seal. Appended to the affidavit are a series of letters between Attorney MacMillan and the plaintiff. Because these documents were filed under seal, their content will not be discussed in this ruling. *See* Doc. # 76.

At oral argument, Attorney MacMillan further explained his reasons for seeking to withdraw. He said that, in his view, the plaintiff has engaged in conduct which makes his case "untriable" as well as "unwinnable." Attorney MacMillan asserted that the plaintiff has failed to produce for discovery and to his expert certain documents relevant to damages.[2] He also said that the plaintiff has failed to file income tax returns for years during which the plaintiff claims damages from the defendant. Attorney MacMillan complains that he is faced with a "Hobson's choice"—as he views the case, he cannot put the plaintiff on the stand to testify because of his "problems" with the IRS, but at the same time, he cannot establish the plaintiff's *prima facie* case without the plaintiff's testimony. Moreover, if the plaintiff does take the stand, he may invoke his Fifth Amendment rights against self-incrimination when testifying about damages.[3] If that occurs, counsel apparently fears either an "adverse inference" charge,[4] a directed verdict or a mistrial. For these reasons, as well as those set forth in the sealed papers appended to the motion, Attorney MacMillan stated that he believes that plaintiff is not acting rationally nor is he able to appreciate the consequences of his actions.

The plaintiff's counsel conceded that any ethical problems he faces in representing the plaintiff at trial may well be confronted by any attorney who represents the plaintiff. On the other hand, counsel believes that the plaintiff is incapable of trying his own case.

The plaintiff, who said he reviewed the submissions to the court made by his attorney, was present at oral argument. The plaintiff explained that he filed a *pro se* appearance at the behest of his attorney when his attorney told him he was going to withdraw from the case. Despite the *pro se* appearance, the plaintiff is opposed to his attorney's withdrawal from the case. The plaintiff stated that he does not wish to represent himself, nor does he feel capable of handling such a task. If his lawyer were permitted to withdraw, he said he would ask the court for a continuance to try and find other counsel.

---

**2.** The documents in question are verification that the plaintiff received a raise from his present employer several months ago.

**3.** The plaintiff's attorney apparently believes that the plaintiff might invoke the Fifth Amendment because if he were to testify he would be put into the position of making statements that might be used against him in a prosecution for violations of the tax laws. *See e.g.,* 26 U.S.C. § 7203 (failure to file a tax return) and 26 U.S.C. § 7201 (income tax evasion). At oral argument, Attorney MacMillan expressed his concern that "the trial may stop in the middle with a referral to the U.S. Attorney's Office by the judge."

**4.** *See e.g. LiButti v. United States,* 107 F.3d 110, 121 (2d Cir.1997); *United States v. Ianniello,* 824 F.2d 203, 208 (2d Cir.1987); *see also* L. Sand, *et al., Modern Federal Jury Instructions,* Instr. 75–5 (Aug.1994).

The defendant did not take a position as to whether the motion to withdraw should be granted. Defense counsel stated, however, that the defendant is ready to proceed to trial as scheduled and that any further delay would cause the defendant to suffer prejudice. The defendant explained that it fears that its witnesses might become unavailable if there are any further delays of the trial.

## III. DISCUSSION

Rule 15 of the local civil rules of this district provides:

Withdrawal of appearances may be accomplished only by leave of Court on motion duly noticed, and normally shall not be granted except upon a showing that other counsel has appeared or that the party has elected to proceed *pro se*, and that the party whose counsel seeks to withdraw has received actual notice by personal service or by certified mail of the motion to withdraw. In cases where the party has failed to engage other counsel or file a *pro se* appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a *pro se* appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.

D. Conn. L. Civ. R. 15.

Although the plaintiff filed a *pro se* appearance in this case, he did so only because his attorney sent him an appearance form when informing him that he intended to withdraw. The plaintiff stated in open court that he does not wish to proceed *pro se*.

The court has a great deal of discretion in deciding a motion for withdrawal of counsel. *See Whiting v. Lacara,* 187 F.3d 317, 320 (2d Cir.1999). As a first step in considering counsel's request, the court looks to the Rules of Professional Conduct as approved by the Judges of the Connecticut Superior Court; *see* D. Conn. L. Civ. R. 3(a); to determine whether withdrawal is permissible or mandatory given the facts presented.

Attorney MacMillan did not file a brief in support of his motion to withdraw and has failed to provide the court with legal authority to support his application. At oral argument, Attorney MacMillan argued that his withdrawal in this case is mandatory. He fails, however, to direct the court's attention to any case law, disciplinary rule or provision in the Code of Professional Responsibility which supports this assertion. The court's research reveals that the argument is unpersuasive.

Rule 1.16(a) of the Rules of Professional Conduct provides that withdrawal is mandatory where

(1) The representation will result in violation of the Rules of Professional Conduct or other law;

(2) The lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

(3) The lawyer is discharged.

Subsection (b) provides the grounds for permissive withdrawal. An attorney *may* withdraw where:

(1) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(2) The client has used the lawyer's services to perpetrate a crime or fraud;

(3) The client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;

(4) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(5) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(6) Other good cause for withdrawal exists.

The crux of counsel's argument is that his client's conduct has rendered counsel's repre-

sentation unreasonably difficult.[5] Such a complaint provides grounds for "permissive withdrawal." *See id.; see also Whiting*, 187 F.3d at 321 (citing the Model Code of Professional Responsibility, DR 2–110(C)(1)(d)).

█ It is obvious that the plaintiff is a difficult client. It is also obvious that the plaintiff might have compromised his case by failing to turn over documents and by failing to file his federal income tax returns. The plaintiff's actions have indeed rendered it difficult for his attorney to carry out his representation in an effective manner. These factors, however, do not warrant withdrawal at this late date, just days before jury selection.

█ In deciding whether plaintiff's attorneys should be granted permission to withdraw, this court must consider whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Id.*, (citing *Brown v. National Survival Games, Inc.*, No. 91–cv–221, 1994 WL 660533, at * 3 (N.D.N.Y. Nov. 18, 1994)(brackets in original)). Where an attorney moves to withdraw on the eve of trial, courts generally deny such a motion. *See Malarkey v. Texaco, Inc.*, 1989 WL 88709, at * 2 (S.D.N.Y. July 31, 1989) (denying counsel's motion to withdraw where case was ready for trial); *Rophaiel v. Alken Murray Corp.*, 1996 WL 306457, at * 2 (S.D.N.Y. June 7, 1996) (denying motion to withdraw where the granting of such would render it easy for the defendant to stall proceedings). *Cf. Brown v. National Survival Games, Inc.*, 1994 WL 660533, at * 3 (N.D.N.Y. Nov. 18, 1994) (allowing counsel to withdraw where discovery was commenced but case had not been scheduled for trial). Undoubtedly, counsel's withdrawal at this stage will disrupt the proceedings. The plaintiff indicated that if his attorney's application is granted, he intends to request a continuance. If the court allows him time to try to retain new counsel, a substantial continuance will be necessitated.[6]

Granting the plaintiff's motion would do more than interrupt only the prosecution of the plaintiff's case—it also would prejudice the defendant. The defendant's attorney represented in open court that he is concerned that an additional delay will impair his ability to work effectively with certain of the defendant's witnesses. He explained that several witnesses are former employees of the defendant who voluntarily agreed to testify on the defendant's behalf. They are taking time away from their new employers to participate and already have made the arrangements to be present at trial in May. Defense counsel is concerned that he may lose their confidence and that his credibility in their eyes may suffer if he is forced to reschedule their appearances yet another time.

In reaching the conclusion that withdrawal is inappropriate here, it is helpful to compare this case to cases in which a motion to withdraw was granted. This is not a case where the plaintiff is demanding that his attorney make frivolous claims and arguments. *Cf. Whiting v. Lacara*, 187 F.3d at 323 (granting withdrawal where the plaintiff insisted that lawyer make arguments which would have subjected him to Rule 11 sanctions.) Rather, plaintiff's counsel agrees that the plaintiff's claims are meritorious.

This also is not a case where the plaintiff has threatened a legal malpractice action. *Cf. id.* (plaintiff clearly indicated his intent to sue his attorney if he did not follow plaintiff's proposed strategies). In response to questioning by the undersigned, the plaintiff indicated that he had some concerns about work-

---

**5.** The court is aware that a client's failure to pay attorneys' fees is a permissive ground for withdrawal. *See Federal Home Loan Mort. Corp. v. 41–50 78th St. Corp.*, 1997 WL 177862 (E.D.N.Y. April 4, 1997). In this case, the plaintiff's attorney claims only that the plaintiff has failed to pay his expert witness, not that he has failed to pay attorneys' fees. The plaintiff himself insists that he has paid the expert witness. In any event, Attorney MacMillan does not rely on this ground in pursuing his motion. Rather, he argues that the plaintiff's failure to pay the expert is one of the things that makes counsel's representation unreasonably difficult.

**6.** Allowing the plaintiff's attorneys to withdraw at this late date would interfere not only with the court's scheduling of this case, but would also interfere with the court's ability to manage its complicated docket in an efficient and orderly fashion.

ing with his counsel in light of Attorney MacMillan's comments about the plaintiff, but that up until the time that Attorney MacMillan expressed his desire to withdraw as counsel, the plaintiff was pleased with MacMillan's performance. The plaintiff explained that when he received MacMillan's letter which detailed the reasons he was seeking to withdraw, the plaintiff was "shocked, angry and insulted." It is only in this regard that the plaintiff expressed doubts as to his attorney's performance.

■ Moreover, withdrawal is not warranted because of the plaintiff's failures to respond to his attorney's requests for information. This is not a case where the client has refused to answer any of counsel's phone calls or attempts to reach him to discuss the case. *Cf. Tower Factory Outlet v. Textilimpex–Tricot,* 1994 WL 411528 (N.D.N.Y. August 2, 1994) (withdrawal granted where client completely failed to communicate with counsel for nine preceding months); *Statue of Liberty v. Int'l United Indus., Inc.,* 110 F.R.D. 395, 397 (S.D.N.Y.1986) (withdrawal granted where client refused to answer phone calls and letters and failed to pay attorney's fees). The plaintiff's failure to produce the documents Attorney MacMillan requested may very well result in the imposition of sanctions[7] but the failure to produce documents here does not justify counsel's withdrawal from the case on the eve of trial.

As a final note, the court addresses Attorney MacMillan's claim that he is faced with a situation where he might be asked to violate Rules 3.3 and 3.4 of the Rules of Professional Conduct (which mandate candor towards the tribunal and fairness to opposing counsel). This argument is addressed in an addendum to this ruling which is filed under seal on today's date.

## IV. CONCLUSION

For all these reasons, as well as those in the sealed Addendum, the motion of the plaintiff's attorneys to withdraw as counsel (doc. # 75) is DENIED. The Clerk of the

Court shall strike the plaintiff's *pro se* appearance.

---

**7.** Rule 37 permits the court to impose sanctions for discovery abuses. Available sanctions include precluding evidence, dismissing the case and contempt. *See* Fed.R.Civ.P. 37(b).