Safaa HAKIM, M.D., Plaintiff–Appellee,

v.

Mary Alice LEONHARDT,
Esq., Appellant,

William Backus Hospital and Brian
Benton, M.D., Defendants,

Connecticut State Medical
Society, Movant.

No. 03–9069CV.

United States Court of Appeals,
Second Circuit.

March 16, 2005.

Elisabeth Seieroe Maurer, Law Offices
of Elisabeth Seieroe Maurer, Ridgefield,
CT, for Appellant.

Safaa Hakim, Norwich, CT, for Plaintiff–Appellee, pro se.

PRESENT: JACOBS, POOLER, and
SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

■ Appellant Mary Alice Leonhardt, Esq., ("Leonhardt"), counsel for plaintiff-appellee Safaa S. Hakim, M.D. ("Hakim") appeals from a Memorandum of Decision of the United States District of Connecticut (Squatrito, J.), filed under seal on September 19, 2003, denying Leonhardt's Fifth Motion to Withdraw as Hakim's counsel. We assume the parties' familiarity with the facts and procedural background of this action. Because our analysis depends upon facts drawn from sealed materials, however, we separately issue under seal a detailed version of this summary order for the benefit of Hakim, Leonhardt. and the district court. The defendants in this case, who were not privy to the sealed materials below, will not receive a copy of the sealed summary order.

Our jurisdiction to hear this appeal derives from the collateral order doctrine. *See United States v. Oberoi*, 331 F.3d 44, 47 (2d Cir.2003). We review a district court's denial of a motion to withdraw solely for abuse of discretion. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir.1999). Local Rule of Civil Procedure 7(e) provides that motions to withdraw may be granted by the court upon a showing of "good cause." D. Conn. R. Civ. 7(e). Codes of Professional Conduct, such as the Connecticut Rules of Professional Conduct and the Model Code, guide our assessment of whether "good cause" to withdraw exists. *See Whiting*, 187 F.3d at 321 (citing Model Code and cases citing New York's code); *Joseph Brenner Assocs., Inc. v. Starmaker Entm't, Inc.*, 82 F.3d 55, 57 (2d Cir.1996) (citing New York's code); *see also Vachula v. Gen. Elec. Capital Corp.*, 199 F.R.D. 454, 457–458 (D.Conn.2000) (citing Connecticut's code). We are loath to meddle in a district court's docket management decisions. *Whiting*, 187 F.3d at 320. This is especially true where, as here, the lower court's analysis reflects both careful reasoning and meticulous concern for the interests of all concerned. The lower court's factual findings, however, illustrate a "functional conflict of interest" equivalent to the one developed at oral argument in *Whiting*. *See* 187 F.3d at 322–23. Accordingly, we must vacate the denial of Leonhardt's motion to be relieved as counsel.

■ We note that the pendency of the Rule 37 sanctions hearing was crucial to Judge Squatrito's decision to deny Leonhardt's motion to withdraw, given the complexity of the underlying discovery dispute and the importance of Leonhardt's anticipated role at the coming hearing. Nonetheless, the court is not without remedy upon Leonhardt's withdrawal. Just as courts retain jurisdiction to apply Rule 37

sanctions after a case has been dismissed, a court may hold an attorney responsible for discovery noncompliance even after he or she has been relieved as counsel. *See Heinrichs v. Marshall & Stevens Inc.*, 921 F.2d 418, 421 (2d Cir.1990) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394–96, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)). At oral argument, Leonhardt's appellate counsel represented that Leonhardt's office is located near to the courthouse, thereby placing her firmly within the district court's jurisdiction. We vacate and remand, rather than reverse, as the court may condition the grant of the motion to withdraw upon Leonhardt's presence at the Rule 37 proceedings. *See also* Conn. R. Prof. Conduct 1.16(d) (requiring an attorney to "take steps to the extent reasonably practicable to protect a client's interests" upon termination of representation). Accordingly, Leonhardt would be able to "answer to the court" regarding the circumstances of Hakim's undisputed noncompliance with the court's discovery orders. The court would be able to allocate responsibility between Leonhardt and Hakim, and tailor sanctions accordingly. We recognize that Leonhardt's continuing duty of confidentiality to her now former client may complicate her role at any such hearing, *see* Conn. R. Prof. Conduct 1.6(a), 1.9, 3.3(d); *but see also* Conn. R. Prof. Conduct 1.6(d) (permitting attorney to "reveal such information to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client ... or to respond to allegations in any proceeding concerning the lawyer's representation of the client"), but that complication exists whether she continues to represent Hakim or not.

For the reasons set forth above, the judgment of the district court is hereby VACATED and REMANDED for proceedings consistent with this opinion. The Clerk of the Court is directed to release

*this* summary order to the public, and the accompanying *sealed* summary order only to (1) the district court, (2) plaintiff-appellee Hakim, and (3) appellant Leonhardt.