# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 23, 2010

Lyle W. Cayce
Clerk

No. 09-30734

SYLVESTER GRIFFIN,

Plaintiff

v.

ROBERT A. LEE,

Intervenor Plaintiff–Appellee

v.

J P MORGAN CHASE & COMPANY, individually & as successor by merger,

Defendant

v.

SYLVESTER GRIFFIN,

Intervenor Defendant–Appellant

Appeal from the United States District Court
for the Western District of Louisiana

No. 09-30734

Before JONES, Chief Judge, PRADO, Circuit Judge, and OZERDEN[*], District Judge.

PER CURIAM:

Appellee Robert A. Lee, an attorney, represented Appellant Sylvester Griffin in the underlying lawsuit in this case, in which Griffin sought reformation of a trust of which he was a beneficiary [the "Trust"]. Griffin also advanced various state law claims, including fraud, against Defendants below, who included successor Trustee JPMorgan Chase Bank, N.A. ["Trustee"], and its officers. After Lee was allowed to withdraw from his representation of Griffin, he sought recovery of attorney's fees. Lee filed a Motion for Leave to Intervene under Federal Rule of Civil Procedure 24(a)(2) and Motion for Additional Conservatory Relief. He sought imposition of a statutory lien upon Griffin's recovery, pursuant to a contingency fee agreement [the "Agreement"] and Louisiana Revised Statute § 37:218. The district court granted the Motion and permitted Lee's intervention. After a bench trial, the district court entered Judgment in favor of Lee and against Griffin on the Petition of Intervention, and awarded Lee $16,068.00 in attorney's fees based on the Agreement. Because we find that the district court lacked supplemental jurisdiction over Lee's claim in intervention against Griffin, we VACATE and REMAND with instructions that the district court DISMISS the Petition of Intervention for lack of subject matter jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Griffin originally brought this action in Louisiana state court, by filing his Petition for Fraud and Unjust Enrichment and for Return of Monies on or about August 25, 2006. Defendants removed the case to the United States District Court for the Western District of Louisiana, Monroe Division, on September 15,

---

[*] District Judge of the Southern District of Mississippi, sitting by designation.

2006, based solely on the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. On April 6, 2009, the district court granted Defendants' Motions for Summary Judgment and dismissed all of Griffin's claims against them with prejudice. The district court entered Judgment in Defendants' favor on April 7, 2009. The same day, Lee filed his Motion to Intervene.

On April 8, 2009, the district court granted Lee's Motion to Intervene. The district court concluded that Lee was entitled to intervene as of right pursuant to Rule 24(a)(2). Lee filed his Petition of Intervention for Attorney Fee[s] and Costs the same day. Lee sought "5% of all accrued but unpaid interest, dividends, growth, etc. accumulated but undisbursed upon the principal amount deposited in the trust fund," "7.5% of the initial principal endowment of $116,000 placed in the" Trust, one-fourth of any damages recovered by Griffin against Trustee or other parties for breach of trust or other fault, and $3,087.51 in costs incurred. In his Motion to Intervene, Lee calculated his attorney's fees to be $51,000.00, in addition to the $3,087.51 in costs incurred.

The district court initially enjoined the Trustee from disbursing to Griffin the sum of $54,087.51, the amount which Lee claimed as attorney's fees and costs in his Motion to Intervene. On April 14, 2009, at the conclusion of a preliminary injunction hearing, the district court granted Lee's Motion for Preliminary Injunction and ordered the Trustee not to disburse $25,000.00 of the amount in trust pending final adjudication of Lee's Petition of Intervention. The Court scheduled a bench trial on the merits of Lee's Petition for June 29, 2009.

For reasons not germane to the district court's jurisdiction, neither Griffin nor his new attorney appeared at the June 29, 2009 bench trial. The district court entered Judgment on July 7, 2009, in favor of Lee and against Griffin, in the amount of $16,068.00, with legal interest from the date of Judgment, in the form of a privilege on the funds in the Trust. The Judgment directed that the Trustee "shall hold and conserve said monies as a debit item upon the [Trust]

and pay said monies from the [Trust] to Mr. Lee out of the funds ultimately determined to be available for distribution to Mr. Griffin upon finality of Mr. Griffin's appeal" of his claims against Defendants.  The Judgment also ordered that, "per the contract for legal fees entered into by Mr. Lee and Mr. Griffin, Mr. Lee holds a privilege on future funds, if any, paid by Defendants to Mr. Griffin for damages suffered by Mr. Griffin."  Griffin appealed.  Though he does not dispute that Lee is owed some fees for his work in successfully having the Trust reformed, Griffin disputes the amount awarded, and that any award should exist as a lien or encumbrance on the Trust.

Our review of this appeal raised the question of whether supplemental jurisdiction existed over Lee's claim in intervention pursuant to 28 U.S.C. § 1367.  We requested additional briefing from the parties on this point.  Lee and Griffin have each filed supplemental briefs.

## II.  JURISDICTION AND STANDARD OF REVIEW

Although not raised by the parties, we must first determine whether we have jurisdiction to consider this appeal. *See Energy Mgmt. Corp. v. City of Shreveport*, 397 F.3d 297, 301 n.2 (5th Cir. 2005) ("This court has an obligation to consider possible objections to our jurisdiction *sua sponte*."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (same).  We have a special obligation to satisfy ourselves not only of our own jurisdiction, but of that of the district court as well. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  When the district court lacks jurisdiction, we have jurisdiction on appeal, not on the merits but for the purpose of addressing the lower court's jurisdiction to entertain the suit. *Id.* (quoting *United States v. Corrick,* 298 U.S. 435, 440 (1936)).  Our review of the district court's exercise of subject matter jurisdiction is plenary. *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 189–90 (5th Cir. 1999).

No. 09-30734

## III.  ANALYSIS

At the time this case was removed from state court, original jurisdiction in the underlying lawsuit was founded solely upon diversity, pursuant to 28 U.S.C. § 1332.  This statute provides, in relevant part, that

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> > (1) citizens of different States . . . .

28 U.S.C. § 1332(a).  Thus, § 1332 requires that the matter in controversy exceed $75,000.00, and that the action be between citizens of different states.  *See id.*; *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553 (2005) (noting that the Supreme Court has "consistently interpreted § 1332 as requiring complete diversity").

At the time of removal, Plaintiff Griffin was a Mississippi citizen. Defendant JPMorgan Chase & Co. was a citizen of both Delaware and New York. Defendant JP Morgan Chase Bank, N.A., was a citizen of Ohio, as was Defendant Bank One Trust Co., N.A.  The individual Defendants, Walter E. Busby, Drew C. Detraz, and Charlotte Ray, were Louisiana citizens.  There was complete diversity of citizenship, and the record is clear that the amount in controversy exceeded $75,000.00, fulfilling the requirements of § 1332(a).

The district court subsequently granted Lee's Motion to Intervene as of right, pursuant to Rule 24(a)(2).  Lee was aligned as an Intervenor Plaintiff, as he asserted claims for attorney's fees against his former client Griffin, and further sought to impose a lien upon the Trust.  The record reflects that Lee was a citizen of Louisiana, and that the amount in controversy on his claim was clearly less than $75,000.00, as his initial pleadings sought only $54,087.51.

Because Lee was aligned as a Plaintiff, the Petition, on its face, was not consistent with the jurisdictional requirements of § 1332.  Complete diversity

5

No. 09-30734

of citizenship was lacking between Lee and Defendants, and the amount in controversy was less than $75,000.00. The question presented is whether there was supplemental jurisdiction over Lee's claim. We conclude that there was not.

A.    Applicability of § 1367 to Lee's Claim

If a district court has original jurisdiction over at least one claim in a case, it must look to what was traditionally known as "pendent" or "ancillary" jurisdiction to assess whether it has jurisdiction over any remaining claims over which it would otherwise lack original jurisdiction. *See, e.g., City of Chi. v. Int'l Coll. of Surgeons,* 522 U.S. 156, 164–65 (1997) (federal question context). Congress has codified the concepts of pendent and ancillary jurisdiction in the supplemental jurisdiction statute, 28 U.S.C. § 1367. *Id.* at 165 ("Congress has codified those principles in the supplemental jurisdiction statute, which combines the doctrines of pendent and ancillary jurisdiction under a common heading. 28 U.S.C. § 1367."); *Walter Fuller Aircraft Sales, Inc. v. Republic of Phil.*, 965 F.2d 1375, 1389 n.13 (5th Cir. 1992) ("[T]he intent of § 1367(a) was to codify the doctrines of pendent and ancillary jurisdiction.") (citations omitted).

Lee argues in his supplemental brief that § 1367(b) is not applicable to his claim, because the suit was removed to the district court pursuant to 28 U.S.C. § 1441(a), and not directly pursuant to § 1332(a). We are not persuaded by this argument. 28 U.S.C. § 1441(a) provides for removal of certain actions, but it does not confer subject matter jurisdiction upon the district court. It is, at bottom, a procedural statute. Even though this action was removed pursuant to § 1441(a), the district court's original jurisdiction was founded solely on § 1332. Moreover, the Supreme Court has explicitly stated that § 1367(a) "applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the district courts . . . have original jurisdiction.'" *City of Chi.,* 522 U.S. at 165 (quoting 28 U.S.C. § 1441(a)).

6

No. 09-30734

B.    Supplemental Jurisdiction under § 1367

   1.    Statutory Framework

Section 1367(a) reads as follows:

(a)  *Except as provided in subsections (b) and (c)* or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a) (emphasis added).

The Supreme Court has held that

[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction.  The last sentence of § 1367(a) makes it clear that the grant of supplemental jurisdiction extends to claims involving joinder or intervention of additional parties.

*Exxon Mobil*, 545 U.S. at 558.

   It is clear that Lee's Petition satisfied the requirements of § 1367(a).  This does not end the inquiry, however.  "If § 1367(a) were the sum total of the relevant statutory language, our holding would rest on that language alone.  The statute, of course, instructs us to examine § 1367(b) to determine if any of its exceptions apply, so we proceed to that section."  *Exxon Mobil*, 545 U.S. at 559–60.  Subsection (b) reads as follows:

(b)  In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts *shall not have supplemental jurisdiction under subsection (a)* over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or *over claims by persons* proposed to be joined as plaintiffs under Rule 19

7

of such rules, or *seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.*

28 U.S.C. § 1367(b) (emphasis added).

Lee, who intervened as a Plaintiff, was a Louisiana citizen. While Griffin, who was the original Plaintiff, was a Mississippi citizen, there were Defendants in the underlying case who were, like Lee, citizens of Louisiana. The record reflects that individual Defendants Walter E. Busby, Drew C. Detraz, and Charlotte Ray, who were Trustee bank officers, were Louisiana citizens. Lee was not completely diverse from Defendants in the underlying action. *See* 28 U.S.C. §§ 1332, 1367(b).

It was also facially apparent from Lee's Petition of Intervention that the amount in controversy, Lee's claim for attorney's fees, fell below $75,000.00. In the proposed Order submitted with his Motion to Intervene, Lee estimated his total claim to be $54,087.51. At the hearing on Lee's Motion for Preliminary Injunction held on April 14, 2009, Lee estimated his total claim to be $25,000.00 or less. Thus, Lee's intervention was clearly inconsistent with the jurisdictional requirements of § 1332, diversity of citizenship and the requisite amount in controversy, excluding it from the court's supplemental jurisdiction under the clear language of the supplemental jurisdiction statute. *See* 28 U.S.C. § 1367(b).

2.    Application of § 1367

Commentators have recognized that the difficult

question has been whether, if the court has proper jurisdiction of the original action, it may allow an intervenor to come in and present a claim or defense although there would be no basis for federal jurisdiction if the intervenor were suing or being sued alone. This problem arises primarily in diversity cases, in which the would-be intervenor is a citizen of the same state as a party against whom the intervenor would be aligned if intervention is allowed or in which

No. 09-30734

the controversy with regard to the intervenor is for less than the requisite jurisdictional amount.

7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1917 (3d ed. 2007).

Congress's enactment of the supplemental jurisdiction statute addressed these issues. *See generally id.* Congress excepted from the statute's reach certain claims in cases in which original jurisdiction is founded solely upon diversity, such as claims by persons seeking to intervene as plaintiffs under Rule 24, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of § 1332. *See* 28 U.S.C. § 1367(b); *Exxon Mobil*, 545 U.S. at 560 ("Section 1367(b), which applies only to diversity cases, withholds supplemental jurisdiction over the claims of plaintiffs proposed to be joined as indispensable parties under Federal Rule of Civil Procedure 19, or who seek to intervene pursuant to Rule 24.").

> This change can be criticized as contrary to the objectives of encouraging efficient joinder and some commentators have noted that it goes beyond the "modest but significant" alterations stated by the drafters. Nonetheless, it remains the law and it now is clear that in diversity cases, ancillary (now supplemental) jurisdiction cannot be invoked for plaintiff intervenors, whether they are of right or permissive.

7C WRIGHT, MILLER & KANE, *supra*, § 1917 (citations omitted).

In other words, while Congress codified the concepts of pendent and ancillary jurisdiction in §1367(a), it apparently chose to circumscribe such jurisdiction in § 1367(b) with respect to plaintiff intervenors. Despite commentators' criticism of the manner in which the statute was drafted, the Supreme Court has held that "§ 1367 is not ambiguous." *Exxon Mobil*, 545 U.S. at 567; *see State Nat. Ins. Co. v. Yates*, 391 F.3d 577, 581 (5th Cir. 2004). Accordingly, the Supreme Court has rejected the view that it should look to other

9

interpretive tools, including the legislative history of § 1367, to interpret the statute. *Exxon Mobil*, 545 U.S. at 567. As this Court has stated, "the statute is the sole repository of congressional intent where the statute is clear and does not demand an absurd result." *In re Abbott Laboratories*, 51 F.3d 524, 529 (5th Cir. 1995).

In this case, the lack of complete diversity and the presence of an amount in controversy less than $75,000.00 are both inconsistent with the jurisdictional requirements of 28 U.S.C. § 1332. Under a plain reading of 28 U.S.C. § 1367(b), there was no supplemental jurisdiction over Lee's claim in intervention, as it was a claim by a person seeking to intervene as a plaintiff under Rule 24. *See* 28 U.S.C. §§ 1332, 1367(b); *see also* 7C WRIGHT, MILLER & KANE, *supra*, § 1917. Other circuits have reached similar conclusions.

In *Development Finance Corp. v. Alpha Housing & Health Care, Inc.,* 54 F.3d 156 (3d Cir. 1995), the Third Circuit acknowledged that § 1367(b) eliminates supplemental jurisdiction over claims of plaintiff intervenors who share citizenship with a defendant. *Id.* at 159. Ultimately, the Third Circuit decided that the intervenor in that case was more properly aligned as a defendant, which cured the jurisdictional defect. *Id.* In *TIG Insurance Co. v. Reliable Research Co.*, 334 F.3d 630 (7th Cir. 2003), the Seventh Circuit dismissed a plaintiff intervenor's claim for want of jurisdiction, because its citizenship was not diverse from the party against whom it was asserting the claim.[1] *Id.* at 634.

---

[1] Also instructive is *Krueger v. Cartwright*, 996 F.2d 928 (7th Cir. 1993), where the Seventh Circuit held that "the 'supplemental jurisdiction' statute, authorizes the assertion of federal jurisdiction over additional claims and parties, but specifically prohibits the exercise of supplemental jurisdiction in diversity cases over non-diverse parties joined to the action under Rule 19." *Id.* at 933 (*citing* 28 U.S.C. § 1367(b)). Rule 19 and Rule 24 plaintiffs receive similar treatment under a plain reading of § 1367(b).

No. 09-30734

In *Baker v. Minnesota Mining and Manufacturing Co.,* 99 F. App'x 718 (6th Cir. 2004), *abrogated on other grounds by Blackburn v. Oaktree Capital Management, LLC*, 511 F.3d 633 (6th Cir. 2008), the Sixth Circuit held that the Rule 24 intervention as a plaintiff by a party which was an arm of the Commonwealth of Kentucky, and not a "citizen" for diversity purposes, deprived the district court of jurisdiction under § 1367(b). *Id.* at 723. Thus, the Court concluded that the district court should have denied the non-diverse party's motion to intervene as a plaintiff. *Id.*[2] District courts in this Circuit have interpreted the statute in a similar fashion. *See Dushane v. Gallagher Kaiser Corp.*, No. 05-CV-171, 2005 WL 1959151, at *6 (W.D. La. Aug. 10, 2005); *MCI Telecomm. Corp. v. Logan Group, Inc.*, 848 F. Supp. 86, 88–89 (N.D. Tex. 1994).[3]

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (internal citations omitted). "Unless a dispute falls within the confines of the jurisdiction conferred by Congress, such courts do not have authority to issue orders regarding its resolution." *Giannakos v. M/V Bravo Trader*, 762

[2] We recognize that the Seventh Circuit took a somewhat different approach in *Aurora Loan Services v. Craddieth*, 442 F.3d 1018, 1025–26 (7th Cir. 2006). There, the Seventh Circuit found supplemental jurisdiction existed over a claim by a non-diverse plaintiff in intervention. *Aurora* held that § 1367(b)'s exclusion "has no application to a party forced to intervene to protect an interest that arose during the course of a federal litigation in which he had no stake at the outset." *Id.* at 1025. *Aurora* is factually distinguishable from the instant case. Unlike the plaintiff intervenor in *Aurora*, Lee was not forced to intervene in the present action, inasmuch as he would not have been bereft of a remedy absent such intervention.

[3] *See also Int'l Chem. Corp. v. Nautilus Ins. Co.*, No. 09-CV-359S(F), 2010 WL 3070101, at *3 (W.D.N.Y. Aug. 3, 2010) (holding that "where, as here, intervention is sought by an intervenor as a plaintiff in order to prosecute in district court a claim against a non-diverse party, intervention may not be granted as such status is expressly prohibited by § 1367(b)); *Liberty Mut. Grp. v. Hillman's Sheet Metal & Certified Welding, Inc.*, 168 F.R.D. 90, 92 (D. Me. 1996) (noting that "the weight of authority supports the conclusion that § 1367(b) precludes the exercise of supplemental jurisdiction over claims by nondiverse plaintiff-intervenors, even as of right under Rule 24(a)").

11

No. 09-30734

F.2d 1295, 1297 (5th Cir. 1985). "Such jurisdiction goes to the core of the court's power to act, not merely to the rights of the particular parties." *Id.* Based on the foregoing, neither the Constitution nor Congress has authorized the exercise of supplemental jurisdiction over Lee's claim here.

C.    Party Alignment

We note that the issue of party alignment has not been addressed by the parties. The district court characterized Lee as an "Intervenor Plaintiff" and Griffin as an "Intervenor Defendant." Because § 1367(b) speaks only to plaintiff intervenors, we consider whether Lee was properly aligned as a plaintiff. In ascertaining the proper alignment of parties for jurisdictional purposes, courts have a "duty" to "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941) (internal quotation omitted). "Whether the necessary 'collision of interest' exists must be ascertained from the 'principal purpose of the suit' and the 'primary and controlling matter in dispute.'" *Id.* (internal citation omitted). As previously noted, the Third Circuit has held that if an intervenor is realigned as a defendant, § 1367(b) does not deprive the district court of supplemental jurisdiction over a counterclaim raised by the intervening defendant, even where the requirements of § 1332 are not met. *See Dev. Fin.*, 54 F.3d at 161.

In this Circuit, "[t]he generally accepted test of proper alignment is whether the parties with the same 'ultimate interests' in the outcome of the action are on the same side." *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1178 (5th Cir. 1984) (citation omitted). "[W]hen it relates to jurisdiction, it is [this Court's] duty to notice party alignment and apply proper realignment *sua sponte* on appeal, and that such realignment is to be determined according to 'the principal purpose of the suit and the primary and controlling matter in dispute.'" *Id.* at 1178 (citation omitted).

Based on the nature of Lee's claim, we are of the opinion that it is more appropriate to align him as a plaintiff with a claim against co-Plaintiff Griffin as to the amount of attorney's fees owed, and with a direct claim against Trustee for a lien on the Trust. As a plaintiff intervening under Rule 24, § 1367(b)'s exclusion would apply, and there is no supplemental jurisdiction over Lee's claim.

D.    Lee's Arguments in Support of Supplemental Jurisdiction

In his supplemental brief, Lee cites a number of cases for the proposition that a claim for, or award of, attorney's fees in a case is collateral to the case's merits, such that federal courts possess ancillary or supplemental jurisdiction over such claims. None of those cases, however, involve a Rule 24 intervention.

Lee quotes heavily from *In re Private Counsel Agreement,* No. 5:98-CV-270, 1999 WL 1022131 (W.D. Tex. Nov. 5, 1999), which did involve a Rule 24 intervention, for the proposition that attorney's fee disputes meet the relatedness test of supplemental jurisdiction. What Lee apparently does not appreciate, however, is that *In re Private Counsel Agreement* was a federal question case, as were many of the other cases he cites. *See id.*; *see also, e.g.*, *Joseph Brenner Assoc., Inc. v. Starmaker Entm't, Inc.*, 82 F.3d 55 (2d Cir. 1996); *Baer v. First Options of Chi., Inc.*, 72 F.3d 1294 (7th Cir. 1995). Because original jurisdiction in those cases was not founded solely on § 1332, § 1367(b)'s exclusions were inapplicable, even to Rule 24 interventions.

Lee next contends that under § 1367, the jurisdictional amount in controversy is not a requirement which must be satisfied. Even assuming that there were complete diversity of citizenship here, this argument is not compelling. The Supreme Court has concluded that in a diversity case in which some *original* plaintiffs satisfy the amount in controversy requirement, but others do not, § 1367(a) confers supplemental jurisdiction over all claims that are part of the same Article III case or controversy, including those that do not

13

independently satisfy the amount in controversy requirement. *Exxon Mobil*, 545 U.S. at 558–59 (emphasis added).  Lee is not an original Plaintiff.

As the *Exxon Mobil* Court also noted, "§§ 1367(b) and (c), or other relevant statutes, may provide specific exceptions" to § 1367(a)'s broad jurisdictional grant. *Id.* at 559.  Such is the case with respect to Lee's claim, which is clearly excepted from supplemental jurisdiction by § 1367(b).  In other words, what § 1367(a) giveth, § 1367(b) may taketh away.  Moreover, the expansive interpretation for which Lee argues, even if accepted, would not remedy the lack of complete diversity of citizenship occasioned by his intervention. *Id.* at 554.

Lee next maintains that his intervention was the assertion of a state law right to intervene, and not one pursuant to the Federal Rules of Civil Procedure. He asserts that his was an "intervention of right," but not under Rule 24(a). Lee's contention that this case does not come within the purview of § 1367(b)'s exceptions because his right arises under state law is not persuasive.  State law clearly confers upon Lee whatever substantive right he may have at issue in this case, but it was the Federal Rules of Civil Procedure, specifically Rule 24(a)(2), which the district court applied to permit his intervention.  In a diversity case, the substantive right giving rise to intervention will likely originate from state law, but federal procedural rules will dictate whether the party is allowed to intervene.

Finally, Lee points out that the district court was the most convenient forum for handling the subject matter then before it.  This is no doubt true, but convenience cannot supplant the unambiguous language of a jurisdictional statute. We are sympathetic to the added expense and potential waste of judicial resources Lee will likely face in pursuing his claim for legal fees in a separate action and forum.  However, efficiency and economy cannot confer jurisdiction upon the courts where Congress has, according to the Supreme Court, unambiguously chosen to limit such jurisdiction. *See id.* at 567.

14

No. 09-30734

## IV. CONCLUSION

Although we are sympathetic to Lee and the inconvenience he faces, because there was no supplemental jurisdiction over Lee's claim in intervention pursuant to 28 U.S.C. § 1367(b), we VACATE and REMAND with instructions that the district court DISMISS Lee's Petition of Intervention for lack of subject matter jurisdiction.