# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-31203
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 18, 2015

Lyle W. Cayce
Clerk

JULIA SAMUELS,

> Plaintiff–Intervenor Defendant–Appellee,

v.

TWIN CITY; DR. MIRACLES, INCORPORATED; WAL-MART STORES, INCORPORATED; RAANI CORPORATION; BMC 1092; SOLAB, INCORPORATED,

> Defendants–Intervenor Defendants–Appellees,

v.

MURPHY LAW FIRM,

> Intervenor Plaintiff–Appellant,

v.

CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY,

> Intervenor Defendant–Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-106

Before SMITH, PRADO, and OWEN, Circuit Judges.

No. 14-31203

PER CURIAM:*

Intervenor–Plaintiff Appellant Murphy Law Firm ("Murphy") seeks attorney's fees and costs for its representation of Julia Samuels. In the underlying lawsuit, Samuels asserted product-liability claims against the manufacturers and retailers of the Dr. Miracle's hair-care product, and the defendants removed invoking diversity jurisdiction. Samuels settled her case for $15,250.00. Having previously withdrawn as counsel from the underlying case, Murphy intervened under Federal Rule of Civil Procedure 24(a)(2) after the settlement was reached; Murphy sought $42,611.00 in litigation costs and expenses, and a contingency fee. The district court adopted the magistrate judge's recommendation to dismiss the intervention because the court lacked federal supplemental subject-matter jurisdiction since Murphy had established neither diversity of citizenship nor the amount-in-controversy requirement. Murphy timely appealed.

We review a dismissal for lack of subject-matter jurisdiction de novo, applying the same standard as the district court. *Robinson v. TCI/US W. Cable Commc'ns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997). Subsection (b) of 28 U.S.C. § 1367 provides that "district courts shall not have supplemental jurisdiction . . . over claims by persons . . . seeking to intervene as plaintiffs under Rule 24" if the Rule 24 intervention does not itself meet the diversity requirements of 28 U.S.C. § 1332. Section 1332's familiar requirements necessitate that the amount in controversy exceeds $75,000 and that the action be between citizens of different states to invoke federal jurisdiction. 28 U.S.C. § 1332(a).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31203

The issues, then, are whether Murphy is a "person . . . seeking to intervene as [a] plaintiff[] under Rule 24" and whether Murphy's intervention under Rule 24 requesting attorney's fees meets the diversity and amount-in-controversy requirements of 28 U.S.C. § 1332(a). We confronted a similar situation in *Griffin v. Lee*, 621 F.3d 380 (5th Cir. 2010) (per curiam). There, as here, an attorney who represented the plaintiff in an underlying lawsuit intervened after the suit was dismissed, seeking $54,087.51 in attorney's fees and expenses. *Id.* at 382–83. We noted that, as an attorney who had previously represented the plaintiff, his claim for attorney's fees "align[ed] him as a plaintiff . . . intervening under Rule 24." *Id.* at 388. Thus, the attorney's intervention was obligated to meet the requirements for diversity jurisdiction under § 1332(a). *See id.* (citing § 1367(b)). Because his claim for attorney's fees "fell below $75,000," we held that the attorney's "intervention was clearly inconsistent with the jurisdictional requirements of § 1332." *Id.* at 386. Accordingly, we sua sponte vacated the district court's decision awarding attorney's fees "because there was no supplemental jurisdiction over [the attorney's] claim in intervention," and we remanded with instructions to dismiss for lack of subject-matter jurisdiction. *Id.* at 390.

We conclude that *Griffin* decides this appeal. As in *Griffin* and as Murphy concedes, Murphy is aligned with the plaintiff and, thus, is "seeking to intervene as [a] plaintiff[] under Rule 24." § 1367(b). Thus, Murphy must meet both of § 1332(a)'s requirements. As in *Griffin*, the district court in this case correctly concluded that it is legally certain that Murphy's intervention does not meet the jurisdictional amount-in-controversy requirement. After all, Murphy seeks at most $48,711.00 in costs and expenses, including its maximum possible 40% contingency fee. Therefore, *Griffin* requires that we affirm the district court's decision that it lacked jurisdiction over Murphy's intervention.

3

No. 14-31203

## CONCLUSION

For the foregoing reasons, we AFFIRM.[1]

---

[1] We reject Murphy's request that we remand to the district court for remand of its intervention to the state court instead of affirming the district court's dismissal without prejudice. Murphy neglects to cite authority for this remedy, and we are aware of none. Further, we note that 28 U.S.C. § 1447(c) provides for remand of the entire "case," not specific claims or complaints in intervention. *See also* 14C Charles A. Wright et al., *Federal Practice & Procedure* § 3739 (4th ed. 2015) ("If the federal court lacks subject-matter jurisdiction over an action removed under Section 1441 (a) and (b), that court must remand the entire case; it may not remand some, but fewer than all, of the claims that comprise the case.").