# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 27, 2021

Lyle W. Cayce
Clerk

No. 21-30056

BlueTarp Financial, Incorporated,

*Plaintiff—Appellee*,

*versus*

Robertson Development, L.L.C.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-13006

Before Elrod, Southwick, and Costa, *Circuit Judges*.

Per Curiam:*

This case arises out of a dispute over an unpaid line of credit between the parties. Because it is unclear whether the district court had diversity jurisdiction over the case, we issue a limited remand to the district court to make this determination in the first instance.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30056

I.

BlueTarp Financial, Inc. provides lines of credit to businesses so that those businesses can purchase building materials.  Robertson Development, LLC, took out a line of credit to purchase supplies from Morrison Terrebonne Lumber Center.  Robertson Development failed to make its payments to BlueTarp on that line of credit.  At that point, Robertson Development executed a promissory note promising to pay back the account balance of $290,694.10 to BlueTarp.  Robertson Development also failed to pay that amount according to the terms of the promissory note.

The parties next entered a settlement agreement wherein Robertson Development pledged to pay $75,000 over several monthly installments to satisfy its debt to BlueTarp.  That agreement provided that if Robertson Development failed to make two consecutive payments at any time, then "the balance [would] revert back to the original amount."  After Robertson Development missed its payments, and after BlueTarp had sent a final demand letter to try to prompt more consistent payments, BlueTarp filed the present action in federal court to enforce the settlement agreement.

 BlueTarp filed for summary judgment, which the district court granted in part.  Later, BlueTarp filed a second motion for summary judgment, which was also granted in part.  Robertson Development now appeals both partial grants of summary judgment.

II.

For the first time on appeal, Robertson Development argues that the district court lacked subject matter jurisdiction over this case.  Of course, objections to subject matter jurisdiction "may be resurrected at any point in the litigation" because "[s]ubject-matter jurisdiction can never be waived or forfeited."  *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).  We address

No. 21-30056

questions of subject matter jurisdiction de novo.[1] *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021). "[P]arties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)). For diversity cases under 28 U.S.C. § 1332, this means that the complaint must allege complete diversity of citizenship between the parties. *See id.*

BlueTarp failed to allege complete diversity even though it relied on § 1332 as the basis for federal jurisdiction. According to the complaint, BlueTarp is a Maine corporation with its principal place of business in Maine and Robertson Development is a "Louisiana corporation whose principal place of business" is in Louisiana.

But according to Robertson Development's filings with the Louisiana Secretary of State,[2] Robertson Development, LLC is, as its name suggests, a limited liability company, not a corporation. Whereas the citizenship of a corporation is determined by its place of incorporation and its principal place of business, "the citizenship of a[n] LLC is determined by the citizenship of all of its members." *Id.* at 314 (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)). BlueTarp did not allege the citizenship of Robertson's members in its initial complaint. It therefore failed to properly allege complete diversity of citizenship.

---

[1] Even if the district court lacked jurisdiction, "we have jurisdiction on appeal, not on the merits but for the purpose of addressing the lower court's jurisdiction to entertain the suit." *Griffin v. Lee*, 621 F.3d 380, 384 (5th Cir. 2010).

[2] We are permitted to take judicial notice of a "fact that is not subject to reasonable dispute," such as facts contained in public filings. Fed. R. Evid. 201(b); *MidCap*, 929 F.3d at 315.

Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." We have interpreted this to mean that in cases "[w]here jurisdiction is clear from the record," we may allow "direct amendments to the pleadings without a remand." *Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1228 (5th Cir. 1989). And if "jurisdiction is not clear from the record, but there is some reason to believe that jurisdiction exists, the Court may remand the case to the district court for amendment of the allegations and for the record to be supplemented." *Id.* However, "if there is no evidence of diversity on the record, we cannot find diversity jurisdiction, and we must dismiss the action for lack of jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 920 (5th Cir. 2001).

It is unclear on this record who the members of Robertson Development are or what their citizenship may be.[3] It is, however, possible that jurisdiction exists. We therefore issue a limited remand to the district court to determine whether it has diversity jurisdiction. If jurisdiction does not exist, then the district court must dismiss the case. If there is subject matter jurisdiction, then the record on appeal should be supplemented accordingly.

---

[3] Robertson Development has also argued on appeal that Morrison Lumber is a necessary party to this litigation, yet its citizenship has not been alleged either. On remand, the district court should determine: (1) whether Morrison Lumber is indeed a necessary party to this case; and (2) if so, whether diversity jurisdiction still exists after accounting for Morrison Lumber's citizenship.